Hyatt, J.
This action was brought to recover a balance of $143.75, claimed by plaintiff to be due from the defendant as damages arising from the failure of the defendant to deliver certain stocks, purchased by the plaintiff under written contracts.
Plaintiff demanded the stock within the time allowed by the contracts; defendant was unable to deliver the stock when demanded, and paid to the plaintiff $500 on account of damages for non-delivery.
The plaintiff was ready and willing to pay for the stock.
The court dismissed the complaint upon the ground that by the testimony of the plaintiff, “he had not fulfilled his condition precedent to his right to a recovery.”
This was error. When a seller of stock refuses or neglects to perform, a tender of money by the purchaser is not *347 necessary. Currie v. White, 45 N. Y., 832; Wheeler v. Garcia, 40 id., 524.
In the case at bar the defendant did not have the stock, and paid at the time of the demand $500, as damages for failure to deliver. This is sufficient evidence of his inability to perform.
The defendant further urges that plaintiff’s damages should be reduced by deducting the sum of $250, on the ground that that sum was the consideration for the contracts and not a part of the plaintiff’s alleged damages.
The defendant, therefore, claims that the plaintiff’s alleged damages are less than the sum of $500, which he admits that he has received and that he would not have been _ entitled to a verdict even if he had been able to prove a valid tender.
The answer to this is that the defendant offered no evidence and gave no explanation or proof of usage as to the meaning of the technical term, “ call” which would distinguish it from other contracts on which partial payments in advance are made or margins are put up as indemnity.
The plaintiff made out a prima facie case and the motion to dismiss shdiild have been denied.
The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
McAdam, C. J., and Nehrbas, J., concurs.